9/23/2019 9:38 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37018558
By: Lisa Thomas
Filed: 9/23/2019 9:38 AM

**Cause No. 2019-60424**

| | | |
|---|---|---|
| ROBERT L. AND CINDY W. SMITH<br>*Plaintiff,*<br>VS.<br><br>ALLSTATE TEXAS LLOYDS<br>*Defendant.* | '<br><br>'<br><br>'<br><br> | IN THE DISTRICT COURT OF<br><br>HARRIS COUNTY, TEXAS<br><br>11TH JUDICIAL DISTRICT |

**DEFENDANT, ALLSTATE TEXAS LLOYDS
ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Allstate Texas Lloyds, Defendant in the above-styled and numbered cause of action, and in response to the complaints filed against it would respectfully show unto this Honorable Court and Jury as follows:

**I.**

**GENERAL DENIAL**

At this time Defendant, Allstate Texas Lloyds, (hereinafter referred to as "Allstate") asserts a general denial to Plaintiffs' Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

**II.**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

1

III.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because conditions precedent to Plaintiffs' recovery have not occurred. For example, and without limitation, Plaintiffs failed to provide proper written notice prior to suit as required by Section 541 of the Texas Insurance Code and by §17.50(a) of the Texas Business and Commerce Code (Texas DTPA).

IV.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because some or all of Plaintiffs claims are excluded by the applicable insurance policy.

V.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the injuries, damages, and losses alleged in Plaintiffs' pleadings, none being admitted, were proximately caused in whole or in part by the fault or negligence of Plaintiff or others. Accordingly, Plaintiffs claims are barred or must be reduced under the doctrine of contributory or comparative fault.

VI.

FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to cooperate in the handling of their claim, as required by the policy.

VII.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred because such an award would violate

Allstate's due process, equal protection, and other rights under the United States Constitution and the Constitution of the State of Texas.

## VIII.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

## IX.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of §33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

## X.

### NINTH AFFIRMATIVE DEFENSE

Defendant, Allstate, hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## XI.

### TENTH AFFIRMATIVE DEFENSE

Defendant, Allstate, asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

COMES NOW, Defendant, Allstate Texas Lloyds, and formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the amount of $ 40.00 as

jury fee.

## REQUEST FOR DISCLOSURE

Under Texas Rules of Civil Procedure 190 and 194, Allstate requests Plaintiffs' disclosure, within thirty (30) days from the date this request is served, the information or materials described in Rule 190.2(b)(6) and 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant, Allstate Texas Lloyds , prays that the Plaintiffs recover nothing of and from Allstate by reason of this suit, that Allstate be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Allstate may show itself justly entitled, and for which Allstate will in duty bound, forever pray.

Respectfully submitted,

HOPE & CAUSEY, P. C.

/s/ *John M. Causey*
John M. Causey
State Bar No. 04019100
P. O. Box 3188
Conroe, Texas 77305-3188
(936) 441-4673 - Metro
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com

*ATTORNEY FOR DEFENDANT*

Please be advised that the ***only*** valid email address for service of all documents in all matters handled by this firm is hcdocket@hope-causey.com

## CERTIFICATE OF SERVICE

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the Defendant's Original Answer and Request for Disclosure has been filed with the clerk of the Court and delivered to all interested parties on September 23, 2019, correctly addressed to:

*Via E-Serve*

Chad T. Wilson
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
Amanda J. Fulton
afulton@cwilsonlaw.com
455 E. Medical Center Blvd., Suite 555
Webster, Texas 77598

*ATTORNEYS FOR PLAINTIFF*

/s/ *John M. Causey*
John M. Causey